IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**LORI CLEGG-MITCHELL**                                                                 **PLAINTIFF**

**v.**                              **4:06CV01605-WRW**

**ARKANSAS DEPARTMENT OF
CORRECTIONS, *ET AL*.**                                                             **DEFENDANTS**

ORDER

On January 31, 2007, Plaintiff filed an Amended Complaint incorporating the statements and allegations in her Complaint but asking for a jury trial (Doc. No. 9). Defendants responded by filing a Motion to Strike Plaintiff's Amended Complaint (Doc. No. 11). Plaintiff then filed a Motion to file her Amended Complaint (Doc. No. 13). Defendants object (Doc. No. 14) arguing that Plaintiff has waived her right to a jury trial.

Under the liberal amendment policy of Rule 15(a) of the Federal Rules of Civil Procedure, "leave shall be freely given" by the court. The Eighth Circuit has added that "absent a good reason for denial - - such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the nonmoving party, or futility of amendment–leave to amend should be granted."[1] The Eight Circuit has held that "[d]elay alone is not a reason in and of itself to deny leave to amend; the delay must have resulted in unfair prejudice to the party opposing the amendment;" and that the "burden of proof of prejudice is on the party opposing the amendment."[2]

---

[1] *Thompson-El v. Jones*, 876 F.2d 66, 67 (8th Cir. 1989).

[2] *Roberson v. Hayti Police Dept.*, 241 F.3d 992 (8th Cir. 2001).

There is no evidence that bad faith, sufficient delay, or prejudice is present to warrant the court's denial of leave to amend.  Accordingly, Plaintiff's Motion is GRANTED.  Defendants' Motion to Strike (Doc. No. 11) is DENIED.

IT IS SO ORDERED this 14th day of February, 2007.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE